IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUAN REYES, JR. )<br>)<br>　　Plaintiff ) <br>)<br>v. )<br>)<br>TIDEWATER, INC., and )<br>TIDEWATER MARINE, LLC )<br>)<br>　　Defendants. ) | Civil Action No. _____<br><br>COMPLAINT AND JURY DEMAND |

**INTRODUCTION**

This is an action for unlawful termination and retaliation brought under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Plaintiff Juan Reyes, Jr., through undersigned counsel, hereby alleges as follows:

**THE PARTIES**

1. Juan Reyes, Jr. is an individual of the full age of majority and a resident of St. Mary Parish, Louisiana.

2. Mr. Reyes was born in 1955.

3. Defendant Tidewater, Inc. ("Tidewater"), is a Delaware corporation with its principal place of business located in New Orleans, Louisiana. Tidewater has employed more than twenty individuals at all relevant times to this Complaint.

4. Defendant Tidewater Marine, LLC ("Tidewater Marine") is a Louisiana limited liability company. At least one member of Tidewater Marine is a resident and domiciliary of this District.

Tidewater Marine has employed more than twenty individuals at all relevant times to this Complaint.

5. Tidewater Marine is a subsidiary of Tidewater, and both entities jointly employed Plaintiff.

6. Both Defendants qualify as employers as defined by the ADA and the ADEA.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8. Defendants have their principal places of business within this District, and a substantial part of the events or omissions giving rise to this claim occurred within this District. Venue is therefore proper in this Court.

9. Plaintiff timely filed a Charge with the Equal Employment Opportunity Commission ("EEOC"). The Charge asserted discrimination on the basis of age and disability.

10. On or about August 23, 2016, the EEOC issued a notice of determination finding a violation of the ADEA.

11. The EEOC held a conciliation conference on September 26, 2017, but the parties were unable to reach a conciliation agreement.

12. The EEOC issued Plaintiff a right to sue notice, which was mailed on September 29, 2017.

13. More than 60 days have passed since Plaintiff filed his EEOC Charge.

14. Plaintiff has therefore exhausted all administrative remedies required to bring this suit.

15. Plaintiff hereby requests a trial by jury on all claims so triable.

## FACTUAL ALLEGATIONS

16. Plaintiff began working for Defendants in April 1996.

17. Plaintiff is a maritime engineer and, at all times relevant to this Complaint, was certified and in good standing with the United States Coast Guard.

18. In 2012, Plaintiff renewed his Coast Guard license for a five-year term. As part of that license renewal, Plaintiff was required to undergo a physical examination, which he passed.

19. In January 2013, Defendants required Plaintiff to undergo a physical examination by a medical provider chosen by Defendants.

20. At the conclusion of this examination, the examining physician noted that Plaintiff was clear to return to work, with one restriction: Plaintiff could not take a prescription painkiller while he was working offshore.

21. Plaintiff worked a 14 on, 14 off schedule, and did not take any pain medication during the 14 days he was working. He only took pain medication during his off days because of an occasional pain he suffered in his neck.

22. Plaintiff was happy to accept this condition. He could and did perform his work duties without taking pain medication, or by occasionally taking over-the-counter pain medication such as Aleve.

23. Defendants nonetheless decided not to allow Plaintiff to return to work.

24. Each of Plaintiff's regular treating physicians provided a note affirming that Plaintiff was able to work and that he was no longer being prescribed pain medication. Plaintiff provided these notes to Defendants.

25. Despite these releases from Plaintiffs' treating physicians, Defendants refused to permit Plaintiff to return to work under any terms.

26. Defendants allowed other engineers, who were under the age of forty, to continue working despite medical problems that were at least severe as, if not more severe than, Plaintiff's condition.

27. At all times relevant to this Complaint, Plaintiff was able to perform all essential job duties and would have returned to work but for Defendants' refusal.

28. On or about March 18, 2014, Plaintiff called the personnel department at Tidewater Marine, and again asked about returning to work. Plaintiff was informed that, according to Personnel Manager Charlie Portier, Plaintiff could not return to work because he had filed a charge with the EEOC. Portier told Plaintiff that he had no control over that decision, which was made at Tidewater, Inc.'s New Orleans headquarters.

## FIRST CAUSE OF ACTION

## AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 *et seq.*

29. Plaintiff hereby realleges and reincorporates paragraphs 1 through 28.

30. Although Plaintiff contends that he was able to perform all essential functions of his job at all relevant times, Defendants have maintained that he was unable to do so. Plaintiff is therefore either disabled under the Americans with Disabilities Act, or was regarded as disabled by Defendants.

31. Plaintiff was a qualified individual who was, and remains, able to discharge all essential functions of his job.

32. Defendants refused to allow Plaintiff to return to work, and later terminated his employment, because they – rightly or wrongly – believed that he was disabled. These decisions constitute adverse employment actions under the ADA.

33. Defendants did not offer any reasonable accommodations that would, in their estimation, allow Plaintiff to return to work. (Plaintiff does not believe he is in need of any such accommodations, but would consider any proposal that Defendants made).

34. Defendants' actions were outrageous and malicious, and were done with reckless disregard of Plaintiff's protected civil rights.

35. Defendants' unlawful actions have caused damages to Plaintiff in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## AMERICANS WITH DISABILITIES ACT, RETALIATION, 42 U.S.C. § 12203

36. Plaintiff hereby realleges and reincorporates paragraphs 1 through 35.

37. Plaintiff filed an EEOC charge alleging disability discrimination.

38. The filing of this charge constituted protected conduct under the ADA.

39. Defendants refused to allow Plaintiff to return to work, and eventually terminated him, because he had filed an EEOC Charge.

40. Defendants' actions constitute adverse employment actions under the ADA.

41. Defendants' actions were outrageous and malicious, and were done with reckless disregard to Plaintiff's protected civil rights.

42. Defendants' unlawful actions have caused damages to Plaintiff in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

## AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621 *et seq.*

43. Plaintiff hereby realleges and reincorporates paragraphs 1 through 42.

44. At all relevant times, Plaintiff has been over the age of forty.

45. At all relevant times, Plaintiff has been qualified for his position.

46. Plaintiff was involuntarily removed from his job and eventually terminated due to his alleged medical conditions. Substantially younger individuals working in the same position have been permitted to continue working despite suffering from similar, or more severe, medical conditions.

47. Defendants acted willfully, with full knowledge that their favoritism towards younger employees was illegal, or showed reckless disregard regarding the illegality of their actions.

48. Defendants' unlawful actions have caused damages to Plaintiff in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### AGE DISCRIMINATION IN EMPLOYMENT ACT, RETALIATION, 29 U.S.C. § 623(d)

49. Plaintiff hereby realleges and reincorporates paragraphs 1 through 48.

50. Plaintiff filed an EEOC charge alleging age discrimination.

51. The filing of the EEOC charge constituted protected conduct under the ADEA.

52. Defendants refused to allow Plaintiff to return to work, and eventually terminated him, because he had filed an EEOC Charge.

53. Defendants' actions constitute adverse employment actions under the ADEA.

54. Defendants acted willfully, with full knowledge that their retaliatory actions were illegal, or showed reckless disregard regarding the illegality of their actions.

55. Defendants' unlawful actions have caused damages to Plaintiff in an amount to be proven at trial.

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

   a. For a declaratory judgment stating that Defendants' practices and actions alleged herein violate federal law;

   b. For an award of all lost wages, including benefits;

   c. For other general and special damages according to proof;

   d. For reinstatement or an award of front pay in lieu thereof;

   e. For an award of reasonable attorney's fees;

   f. For costs of suit;

   g. For injunctive and equitable relief as provided by law;

   h. For an award of compensatory and punitive damages to be proven at trial;

   i. For an award of liquidated damages;

j. For pre and post-judgment interest; and

k. For such other and further relief as may be just and proper.

Respectfully Submitted,

/s Charles J. Stiegler
Charles J. Stiegler, #33456 (TA)
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com