UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUAN REYES, JR. | CIVIL ACTION |
| VERSUS | NO. 17-17739 |
| TIDEWATER INC. AND TIDEWATER MARINE, LLC | SECTION "R" (5) |

## **ORDER AND REASONS**

Before the Court is defendants' partial motion to dismiss.[1] For the following reasons, the motion is granted.

## I. BACKGROUND

This case arises out of claims of age and disability discrimination in employment and unlawful retaliation.[2] Plaintiff Juan Reyes, Jr. alleges that he worked for Defendants Tidewater, Inc. and Tidewater Marine, LLC as a maritime engineer.[3] In January 2013, defendants allegedly required plaintiff to undergo a physical examination.[4] According to the complaint, the examining physician cleared plaintiff to work but stated that he could not take prescription pain medication while working offshore.[5] Plaintiff asserts

---

[1] R. Doc. 10.
[2] R. Doc. 1.
[3] *Id.* at 2 ¶¶ 16-17.
[4] *Id.* at 3 ¶ 19.
[5] *Id.* at 3 ¶ 20.

that he was willing to comply with this condition.[6] Plaintiff further alleges that he provided defendants with notes from his treating physicians stating that he was no longer being prescribed pain medication.[7] But defendants allegedly refused to permit plaintiff to return to work under any terms.[8]

Plaintiff was born in 1955.[9] He alleges that defendants permitted engineers under the age of 40 to continue working despite medical problems that were as or more severe than his condition.[10] On November 1, 2013, plaintiff filed a charge of age and disability discrimination with the Equal Employment Opportunity Commission (EEOC).[11] According to the complaint, plaintiff called the Tidewater Marine personnel department in March 2014 to inquire about returning to work, and he was told that he could not return to work because he had filed an EEOC charge.[12] This decision was allegedly made at Tidewater, Inc.'s New Orleans headquarters.[13] The EEOC issued plaintiff a notice of his right to sue on September 29, 2017.[14]

---

[6] *Id.* at 3 ¶ 22.
[7] *Id.* at 3 ¶ 24.
[8] *Id.* at 3 ¶ 25.
[9] *Id.* at 1 ¶ 2.
[10] *Id.* at 3 ¶ 26.
[11] *Id.* at 2 ¶ 9; R. Doc. 10-2 at 4.
[12] R. Doc. 1 at 4 ¶ 28.
[13] *Id.*
[14] R. Doc. 10-2 at 1.

On December 22, 2017, plaintiff filed a complaint alleging employment discrimination in violation of the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA).[15] The complaint alleges that defendants refused to allow plaintiff to return to work and later terminated his employment because of his age and perceived disability.[16] Plaintiff further alleges unlawful retaliation under the ADA and the ADEA.[17] Defendant now moves to dismiss plaintiff's retaliation claims.[18]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

---

[15] R. Doc. 1.
[16] *Id.* at 4 ¶ 32, 5 ¶¶ 46-47.
[17] *Id.* at 5 ¶ 39, 6 ¶ 52.
[18] R. Doc. 10.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### III. DISCUSSION

Defendants assert that plaintiff's retaliation claims must be dismissed because he failed to exhaust his administrative remedies.[19] Before proceeding with a civil action under the ADA or the ADEA, a plaintiff must timely file an administrative charge with the EEOC. *See Patton v. Jacobs Eng. Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017); *Clark v. Resistoflex Co.*, 854 F.2d 762, 765 (5th Cir. 1988). The amount of time that a plaintiff has to

---

19    R. Doc. 10.

file a charge with the EEOC depends on whether the unlawful practice occurred in a "nondeferral" state or a "deferral" state. *Clark*, 854 F.2d at 765. Louisiana is a deferral state for purposes of the ADA and the ADEA, and plaintiff was thus required to file his charge within 300 days of the alleged unlawful employment act. *See Patton*, 874 F.3d at 443; *Walton-Lentz v. Innophos, Inc.*, 476 F. App'x 566, 570 (5th Cir. 2012); *Conner v. La. Dep't of Health and Hospitals*, 247 F. App'x 480, 481 (5th Cir. 2007) (citing La. R.S. 51:2231 *et seq.*).

Plaintiff filed an administrative charge with the EEOC in November 2013 alleging discrimination on the basis of age and disability.[20] But plaintiff did not file a new administrative charge after defendants allegedly informed him in March 2014 that he could not return to work because he had filed an EEOC charge. Defendants assert that they thus had no notice or opportunity to respond to the retaliation charge in the administrative process.[21] Defendants therefore contend that plaintiff failed to exhaust his administrative remedies as to retaliation.[22]

Plaintiff argues that he was not required to amend or refile his EEOC charge to add retaliation claims because the retaliation grew out of his initial

---

[20] R. Doc. 1 at 2 ¶ 9; R. Doc. 10-2 at 4.
[21] R. Doc. 10-1 at 7.
[22] *Id.*

charge.[23] Plaintiff relies on the Fifth Circuit's decision in *Gupta v. East Texas State University*, 654 F.2d 411 (5th Cir. 1981). The *Gupta* Court held that "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge." *Id.* at 414. The Fifth Circuit reasoned that "[i]t is the nature of retaliation claims that they arise after the filing of the EEOC charge." *Id.* Requiring that a new charge be filed "would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of" the statute. *Id.*

But the Fifth Circuit has held that the *Gupta* exception does not apply when a plaintiff alleges that the same adverse employment action was the result of both discrimination and retaliation. *See Simmons-Myers v. Caesars Entertainment Corp.*, 515 F. App'x 269, 273-74 (5th Cir. 2013); *Sapp v. Potter*, 413 F. App'x 750, 752-53 (5th Cir. 2011); *see also Phipps v. Housing Auth. of New Orleans*, No. 15-3296, 2016 WL 164916, at *4 (E.D. La. 2016). Here, the complaint alleges that defendants refused to allow plaintiff to return to work, and later terminated his employment, because of his age, his disability, and his EEOC charge.[24] Because plaintiff asserts

---

[23] R. Doc. 12 at 1.
[24] R. Doc. 1 at 4-6.

6

claims of discrimination and retaliation arising out of the same adverse employment action, his claims do not fall within the *Gupta* exception. The complaint does not indicate that plaintiff informed the EEOC of his retaliation allegations. Accordingly, his retaliation claims must be dismissed for failure to exhaust administrative remedies.

Plaintiff requests leave to amend his complaint.[25] The Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend, however, "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.

Plaintiff asks to amend his complaint to add allegations that he wrote a letter to the EEOC in late March 2014 stating that Tidewater told him that

---

[25] R. Doc. 12 at 5.

he could not be rehired because of his complaint to the EEOC.[26]  Plaintiff argues that this letter provided notice to the EEOC that a reasonable investigation should encompass retaliation.[27]  Defendants do not respond to plaintiff's request for leave to amend.  Plaintiff has not previously amended his complaint, and there is no indication of undue delay, bad faith, or dilatory motive.  Nor is it clear that amendment would be futile.  *Cf. McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 272-74 (5th Cir. 2008) (examining the actual scope of the EEOC's investigation and whether a plaintiff's letter sufficiently advised the agency of his claims).  The Court therefore grants leave to amend.

### IV.  CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED.  Plaintiff's retaliation claims under the ADA and the ADEA are DISMISSED WITHOUT PREJUDICE.  Plaintiff has 21 days to amend his complaint.

New Orleans, Louisiana, this __12th__ day of April, 2018.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[26]    *Id.*
[27]    *Id.* at 5-6.

8