UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUAN REYES, JR. | CIVIL ACTION |
| VERSUS | NO. 17-17739 |
| TIDEWATER INC. AND<br>TIDEWATER MARINE, LLC | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is defendants' partial motion to dismiss plaintiff's retaliation claims.[1] Because the Court finds that plaintiff failed to exhaust his administrative remedies for his retaliation claims before filing suit in federal court, it grants the motion.

## I. BACKGROUND

This case arises out of claims of age and disability discrimination in employment and unlawful retaliation.[2] Plaintiff Juan Reyes, Jr. alleges that he worked for Defendants Tidewater, Inc. and Tidewater Marine, LLC as a maritime engineer.[3] In January 2013, defendants allegedly required plaintiff to undergo a physical examination.[4] According to the amended complaint,

---

[1] R. Doc. 26.
[2] R. Doc. 25.
[3] *Id.* at 3 ¶¶ 18-19.
[4] *Id.* ¶ 21.

the examining physician cleared plaintiff to work but stated that he could not take prescription pain medication while working offshore.[5] Plaintiff asserts that he was willing to comply with this condition.[6] Plaintiff further alleges that he provided defendants with notes from his treating physicians stating that he was no longer being prescribed pain medication.[7] But defendants allegedly refused to permit plaintiff to return to work under any terms.[8]

Plaintiff was born in 1955.[9] He alleges that defendants permitted engineers under the age of 40 to continue working despite medical problems that were as or more severe than his condition.[10] On November 1, 2013, plaintiff filed a charge of age and disability discrimination with the Equal Employment Opportunity Commission (EEOC).[11] According to the amended complaint, plaintiff called the Tidewater Marine personnel department in March 2014 to inquire about returning to work, and he was told that he could not return to work because he had filed an EEOC charge.[12] This decision was allegedly made at Tidewater, Inc.'s New Orleans headquarters.[13] On March

---

[5] *Id.* ¶ 22.
[6] *Id.* ¶ 24.
[7] *Id.* ¶ 26.
[8] *Id.* ¶ 27.
[9] *Id.* at 1 ¶ 2.
[10] *Id.* at 3-4 ¶ 28.
[11] *Id.* at 2 ¶ 10; R. Doc. 10-2 at 4.
[12] R. Doc. 25 at 4 ¶ 30.
[13] *Id.*

26, 2014, plaintiff mailed a handwritten letter to Madeline Bealer of the EEOC, mentioning what Tidewater had told him earlier that month.[14] The EEOC issued plaintiff a notice of his right to sue on September 29, 2017.[15]

On December 22, 2017, plaintiff filed a complaint alleging employment discrimination in violation of the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA).[16] The complaint alleged that defendants refused to allow plaintiff to return to work and later terminated his employment because of his age and perceived disability.[17] Plaintiff further alleged unlawful retaliation under the ADA and the ADEA.[18] On April 12, 2018, the Court granted defendants' partial motion to dismiss plaintiff's retaliation claims, on the ground that plaintiff failed to allege that he exhausted his administrative remedies.[19] The Court also granted plaintiff leave to amend his complaint.[20] Plaintiff filed his amended complaint on May 3, 2018.[21] The only substantive change from the original complaint is plaintiff's inclusion of the March 26, 2014 letter to the EEOC explaining

---

14   *Id.* ¶ 31.
15   R. Doc. 25 at 2 ¶ 14.
16   R. Doc. 1.
17   *Id.* at 4 ¶ 32, 5 ¶¶ 46-47.
18   *Id.* at 5 ¶ 39, 6 ¶ 52.
19   R. Doc. 22 at 4-7.
20   *Id.* at 7-8.
21   R. Doc. 25.

plaintiff's conversation with a member of the Tidewater Marine personnel department.[22]  Defendant moves again to dismiss plaintiff's retaliation claims under Federal Rule of Civil Procedure 12(b)(6).[23]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true.  *Iqbal*, 556 U.S. at 678.  It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action.  *Id.*

---

[22]  *See id.* at 2 ¶ 11; 4 ¶¶ 31-32.
[23]  R. Doc. 26.

4

In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### III. DISCUSSION

#### A. Plaintiff Did Not Exhaust His Administrative Remedies For His Retaliation Claims

Defendants assert that plaintiff's retaliation claims must be dismissed because he failed to exhaust his administrative remedies.[24] Before proceeding with a civil action under the ADA or the ADEA, a plaintiff must timely file an administrative charge with the EEOC. *See Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017); *Clark v. Resistoflex Co.*, 854 F.2d 762, 765 (5th Cir. 1988). The amount of time that a plaintiff has to file a charge with the EEOC depends on whether the unlawful practice occurred in a "nondeferral" state or a "deferral" state. *Clark*, 854 F.2d at 765.

---

[24] R. Doc. 26.

Louisiana is a deferral state for purposes of the ADA and the ADEA, and plaintiff was thus required to file his charge within 300 days of the alleged unlawful employment act. *See Patton*, 874 F.3d at 443; *Walton-Lentz v. Innophos, Inc.*, 476 F. App'x 566, 570 (5th Cir. 2012); *Conner v. La. Dep't of Health and Hosps.*, 247 F. App'x 480, 481 (5th Cir. 2007) (citing La. R.S. 51:2231 *et seq.*). Defendants assert that plaintiff did not file an administrative charge with the EEOC for his retaliation claims within this time period.[25]

The critical question before the Court is whether plaintiff's letter to Madeline Bealer at the EEOC on March 26, 2014 constituted a charge that exhausted his retaliation claims. The letter states in pertinent part:

> I received a letter from Tidewater on 3-14-14, which I copied for you on 3-18-14, I called Tidewater about returning to work. JoAnn Falcon Singer['s] reply was my returning, getting release by their doctor was out of their hands due to my complaint to EEOC. Told me to gather my thoughts on paper and send to Mary Torrens, Tidewater, New Orleans, LA.[26]

---

[25] R. Doc. 26-1.
[26] R. Doc. 26-2 at 1. The Court may consider the entirety of plaintiff's March 2014 letter without converting defendants' motion into a motion for summary judgment because defendants attached the letter to their motion, plaintiff refers to the letter in his amended complaint, and the document is central to plaintiff's claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); R. Doc. 29 at 2.

For plaintiff's letter to be deemed a charge, it must (1) comply with EEOC regulations and (2) "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). The filer's state of mind when drafting the document is not the determinative question; rather, the court must examine the document "from the standpoint of an objective observer to determine whether, by a reasonable construction of its terms, the filer requests the agency to activate its machinery and remedial processes." *Id.* The *Holowecki* decision permits "a wide range of documents" to be classified as charges. *Id.* The standard is consistent with the statutory purpose of the ADA and ADEA, which "set[] up a 'remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process[es].'" *Id.* at 402-03 (quoting *EEOC v. Commercial Prods. Co.*, 486 U.S. 107, 124 (1988)). A charge can thus be "a form, easy to complete, or an informal document, easy to draft." *Id.* at 403.

The Court now determines whether plaintiff's letter constitutes a charge exhausting his retaliation claims brought under the ADA (Count Two) and ADEA (Count Four).

### *i.* *Count Two – Retaliation Under the ADA*

The EEOC regulations pertaining to claims brought under the ADA require that administrative charges be "in writing and signed and . . . *verified.*" 29 C.F.R. § 1601.9 (emphasis added). Plaintiff's letter does not contain a sworn verification, and thus does not comply with the EEOC regulations and cannot constitute a charge under the ADA.[27] *See Patton*, 874 F.3d at 443 (finding that an unverified intake questionnaire submitted alongside a formal charge did not constitute a charge under the ADA); *Holowecki*, 552 U.S. at 402. Plaintiff's retaliation claim under the ADA therefore must be dismissed.

### *ii.* *Count Four – Retaliation Under the ADEA*

Unlike the ADA, regulations for the ADEA do not require administrative charges to be verified. 29 C.F.R. §§ 1626.6, 1626.8. Instead, the EEOC's regulations simply require that the filing name "the prospective respondent and . . . generally allege the discriminatory act(s)." 29 C.F.R. §§ 1626.6, 1626.8(b); *see also Holowecki*, 552 U.S. at 402. Plaintiff sufficiently named the prospective respondent in his letter.[28] The relevant questions are therefore (1) whether plaintiff's letter includes an allegation that defendants

---

27     *See* R. Doc. 26-2.
28     *Id.* at 1.

retaliated against him for his discrimination charge filed with the EEOC, and (2) whether the letter satisfies the requirement in *Holowecki* that it can be "reasonably construed as a request for the agency to take remedial action." *Holowecki*, 552 U.S. at 402.

The Court finds that plaintiff's March 2014 letter is legally insufficient to satisfy the standard for administrative exhaustion set forth in *Holowecki*. This question turns on plaintiff's statement in the letter that a Tidewater employee told him that "getting release by [Tidewater's] doctor was out of their hands due to [plaintiff's] complaint to [the] EEOC."[29] To the extent this lone statement constitutes an allegation that defendants retaliated against plaintiff for his discrimination charge, it cannot by itself be reasonably construed as a request for the EEOC to take remedial action. Nowhere in the letter does plaintiff state or imply that he would like the EEOC to investigate whether Tidewater was retaliating against him. *Cf. Holowecki*, 552 U.S. at 405 (plaintiff's request that the EEOC "force Federal Express to end their age discrimination plan" constitutes a request for remedial action); *Becerra v. Ms. Ellie's Kitchen*, No. 11-1833, 2012 WL 5363793, at *4 (E.D. La. Oct. 31, 2012) (construing an intake questionnaire as a request for remedial action when the plaintiff checked the box that explicitly authorized the EEOC to

---

[29]   *Id.* at 1.

9

"look into the discrimination" described in the questionnaire); *see also Featherston v. District of Columbia*, 910 F. Supp. 2d 1, 6 (D.D.C. 2012) (an intake questionnaire that simply "provide[s] information about the alleged discrimination . . . suffered and nothing more" does not constitute a charge under the *Holowecki* standard).

*Holowecki* notes that the discriminatory or retaliatory acts recounted in a document may be "so clear or pervasive that the agency could infer from the allegations themselves that action is requested and required." *Holowecki*, 552 U.S. at 405. But the alleged retaliatory act described in plaintiff's letter is neither clear nor pervasive. Instead, the letter is largely a reiteration of his previous discrimination claims.[30] Then in one sentence plaintiff alludes to a single vague comment by a Tidewater employee that plaintiff now construes as Tidewater retaliating against him for his discrimination charge.[31] When viewing the letter as a whole, this one sentence cannot be reasonably construed as a request for the EEOC to "activate its machinery and remedial processes" to investigate a retaliation claim. *Holowecki*, 552 U.S. at 402.

---

[30] *See id.* at 1-2 ("I felt I was discriminated because I've worked with younger engineers with back surgeries complaining about heavy lift work at Tidewater."); *id.* at 2 ("All this has occurred due to the company physical in January 2013.").
[31] *Id.* at 1.

Because plaintiff's letter does not satisfy the standard set forth in *Holowecki*, plaintiff has not exhausted his retaliation claim under the ADEA, and that claim must also be dismissed.

### B. *Gupta* Exception

Plaintiff also renews his argument that he was not required to amend or refile his EEOC charge to add retaliation claims because the retaliation grew out of his initial charge.[32] Plaintiff relies on the Fifth Circuit's decision in *Gupta v. E. Tex. State Univ.*, 654 F.2d 411 (5th Cir. 1981). The *Gupta* Court held that "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge." *Id.* at 414. The Fifth Circuit reasoned that "[i]t is the nature of retaliation claims that they arise after the filing of the EEOC charge." *Id.*

But as the Court explained in its Order on defendants' first partial motion to dismiss, the Fifth Circuit has held that the *Gupta* exception does not apply when a plaintiff alleges that the same adverse employment action was the result of both discrimination and retaliation.[33] *Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 273-74 (5th Cir. 2013); *Sapp v. Potter*, 413 F. App'x 750, 752-53 (5th Cir. 2011); *see also Phipps v. Hous.*

---

[32] R. Doc. 29 at 4.
[33] *See* R. Doc. 22 at 6.

11

*Auth. of New Orleans*, No. 15-3296, 2016 WL 164916, at *4 (E.D. La. 2016). Here, plaintiff's discrimination and retaliation allegations are identical. Plaintiff alleges that "[d]efendants refused to allow [him] to return to work, and later terminated his employment," both because they "believed that he was disabled" *and* "because he had filed an EEOC charge."[34] Because plaintiff asserts claims of discrimination and retaliation arising out of the same adverse employment actions, his claims do not fall within the *Gupta* exception.

### C. Dismissal Without Prejudice

Defendants ask the Court to dismiss plaintiff's claims with prejudice because plaintiff has already had one opportunity to amend his complaint.[35] But the "administrative exhaustion requirement is not a jurisdictional requirement;" rather, it is a "precondition to filing suit, subject to waiver or estoppel defenses." *Stroy v. Gibson*, 896 F.3d 693, 698 (5th Cir. 2018). Accordingly, the Fifth Circuit has instructed district courts that when dismissing a claim for failure to exhaust under Federal Rule of Civil Procedure 12(b)(6), the dismissal should be without prejudice so that

---

[34] R. Doc. 25 at 4 ¶ 36, 5 ¶ 43, 6 ¶¶ 51, 57.
[35] R. Doc. 26-1 at 12-13.

plaintiff may refile his complaint after he has exhausted his administrative remedies. *Id.* at 698 n.2.

## IV. CONCLUSION

For the foregoing reasons, defendants' partial motion to dismiss is GRANTED. Plaintiff's retaliation claims under the ADA and the ADEA are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __2nd__ day of October, 2018.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE